**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRENDA PATRICIA SERRANO;
SERAFIN SERRANO,

          Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 08-70231

Agency Nos. A073-970-148
             A096-362-886

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2010[**]

Before:     GOODWIN, RYMER, and GRABER, Circuit Judges.

Brenda Patricia Serrano, a native and citizen of Guatemala, and Serafin

Serrano petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

their application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the BIA's finding that the treatment inflicted on Serrano by her aunt does not rise to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (petitioner's experiences did not "evince actions so severe to compel a finding of past persecution"). The record does not compel the conclusion that the threats Serrano's father received in the 1980s were connected to her. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (petitioner must demonstrate harms to family were part of a pattern of persecution closely tied to petitioner to make a showing of past persecution).

In addition, substantial evidence supports the BIA's finding that Serrano did not meet her burden to establish a well-founded fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 976-77 (9th Cir. 2009); *Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) ("[T]he IJ and the BIA are entitled to rely on all relevant evidence in the record, including a State Department report, in

considering whether the petitioner has demonstrated that there is good reason to fear future persecution.").

Because Serrano failed to show eligibility for asylum, she necessarily failed to demonstrate eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of Serrano's CAT claim because Serrano failed to establish it is more likely than not that she will be tortured if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d at 1067-68.

We reject Serrano's contention that the agency failed to make findings regarding her claims, because it is belied by the record. We also reject Serrano's contention that the agency did not adequately consider the evidence, because she has not overcome the presumption that the agency reviewed the record. *See Fernandez v. Gonzalez*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

08-70231